**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVSION**

TENNESSEE FARMERS MUTUAL                                    PLAINTIFF
INSURANCE COMPANY

v.                                  3:11-CV-00057-BRW

TIM W. SMITH PROPERTIES, LLC, *et al*.                      DEFENDANTS

## ORDER

Pending is Plaintiff Tennessee Farmers Mutual Insurance Company's ("Tennessee

Farmers")  Motion for Default Judgment (Doc. No. 36) against Defendants Kenneth D. Ramirez,

Robin S. Ramirez, and General Casualty Company of Wisconsin.  Defendants Ace Glass Repair,

Inc. and Tim W. Smith Properties, LLC (collectively the "Smith Businesses") have responded.[1]

For the reasons set out below, Tennessee Farmers's Motion is DENIED.

## I.     BACKGROUND

This case is about a dispute over insurance coverage.  Tennessee Farmers, an insurance

company, is a Tennessee corporation doing business in Tennessee.  Tennessee Farmers issued a

property owners insurance policy (the "Policy") to Defendants Kenneth Ramirez ("Ramirez")

and Robin Ramirez, who were residents of Dyer County, Tennessee.  The Smith Businesses are

Arkansas entities conducting business in Arkansas.  Defendant General Casualty Insurance

Company, Inc. is a Wisconsin corporation doing business in both Arkansas and Tennessee.[2]

On October 21, 2008, Ramirez shot and killed an Ace Glass Repair, Inc. employee on the

Ace Glass Repair premises in Blyethville, Arkansas, and then set fire to the building, resulting in

---

[1]Doc. No. 38.

[2]Doc. No. 1.

damage.  Ramirez is currently incarcerated at the Wrightsville Prison Unit in Wrightsville,

Arkansas, where he will apparently remain for quite some time.[3]

The Smith Businesses, as plaintiffs in different law suit (the "Arkansas Case"), sued

Ramirez in the Circuit Court of Mississippi County, Arkansas.[4]  The Smith Businesses were

granted summary judgment in the amount of $440,000 (the "Arkansas Judgment").[5]  The

Arkansas Judgment reads, in part:

> [Kenneth Ramirez] is indebted to the [Smith Businesses], by virtue of his negligent
> acts on or about October 21, 2008, in the sum of Four Hundred-Forty Thousand
> Dollars ($440,000.00).  It is therefore ordered and adjudged that [Kenneth Ramirez]
> is indebted to the [Smith Businesses], but virtue of his negligent acts and not any
> intentional acts, on or about October 21, 2008. [6]

The Smith Businesses seek the $300,000 in liability coverage available under the Policy to

satisfy the Arkansas Judgment.  General Casualty Insurance Company, Inc. has apparently paid

some policy benefits to the Smith Defendants.[7]

Tennessee Farmers contends it owes no coverage because Ramirez's acts were

intentional and therefore excluded from coverage under the terms of the Policy.  The Policy

provides coverage for bodily or property damage that is the result of an occurrence; occurrence

is defined as "an accident . . . that is neither expected nor intended. "[8]  Tennessee Farmers

maintains that the events on October 21, 2008 -- and the resulting damage -- were no accident.

---

[3]Doc. No. 38.

[4]Circuit Court of Mississippi County, Arkansas, Chickasawaba District, case number:
CV-2009-108 (VH).

[5]Doc. No. 38.

[6]Doc. No. 34.

[7]Doc. No. 1.

[8]Doc. No. 1.

Tennessee Farmers filed a complaint for declaratory judgment in the Circuit Court of Dyer County, Tennessee, asking the court to find that: the Policy provides no coverage or benefits, including coverage for any subrogation claim, in connection with Ramirez's October 21, 2008 acts; Tennessee Farmers has no duty to satisfy any part of the Arkansas Judgment or to indemnify Ramirez or any other entity or person from claims in connection with the events of October 21, 2008, and that no subrogation rights exist against Tennessee Farmers; and that Tennessee Farmers has no liability to any person or entity on any claims, including subrogation claims, in connection with the events of October 21, 2008, or on the Arkansas Judgment.  The case was then removed (with the consent of Ramirez, Robin Ramirez, and General Casualty Insurance Company) to the United States District Court for the Western District of Tennessee. The Smith Businesses asked that the case be transferred to the Eastern District of Arkansas for the convenience of the parties and witnesses.  A March 21, 2011 order transferred the case to this Court.[9]

The Smith Businesses answered Tennessee Farmers's complaint, and added a counterclaim.  The Smith Businesses allege that despite being provided notice of the Arkansas Case,[10] Tennessee Farmers took no steps to "contest the allegations of the Complaint and to challenge the factual findings of the Circuit Court" in that case.[11]  Because Tennessee Farmers failed to take any action in connection with the Arkansas Case, the Smith Businesses maintain that Tennessee Farmers is contractually obligated to indemnify Ramirez up to the $300,000

---

[9]Doc. Nos. 24.

[10]The notice, however, was apparently provided by the Smith Businesses, and not by Ramirez.

[11]Doc. No. 34.

policy limit, plus accrued interest.[12]  In the alternative, the Smith Business assert that: Ramirez's actions constitute negligence; the damages incurred were the result of an accident or negligent conduct, or that the damages were the accidental result of an intentional act; and that Tennessee Farmers is obligated to indemnify Ramirez.

Tennessee Farmers asks that default judgment be entered against Defendants Ramirez, Robin Ramirez, and General Casualty Insurance Company because each has failed to answer Tennessee Farmers's complaint or otherwise defend.[13]  The Smith Businesses assert that default judgment should be withheld until this action is resolved on the merits against the non-defaulting Defendants.[14]  I agree.

## II.    DISCUSSION

In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create "inconsistent and unsupportable" results as to the non-defaulting defendants.[15]  In a declaratory judgment action, a court would "normally take the Tennessee Farmers-insurer's motion to enter a default judgment against the defendant-insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits."[16]

---

[12]*Id.*

[13]Doc. No. 36.

[14]Doc. No. 38.  The Smith Defendants also contend that General Casualty Insurance Company was never served.

[15]See *United States ex rel. Costner v. United States*, 56 Fed. Appx. 287, 288 (8th Cir. 2003) (quoting *Bastien v. Rowland & Co.*, 815 F.2d 713 (8th Cir. 1987)); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[16]*American Std. Ins. Co. v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000).

Here, non-defaulting Defendants oppose the motion for default judgment and an entry of default judgment could create inconsistent results.  Accordingly, no default judgment will be entered against Defendants Kenneth Ramirez, Robin Ramirez, and General Casualty Company of Wisconsin until this action is decided on the merits as to the Smith Defendants.

## CONCLUSION

Tennessee Farmers's Motion for Default Judgment is DENIED without prejudice.

IT IS SO ORDERED this 21st day of March, 2012.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE